THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* THERESA ANN HEARN, a/k/a Tanya Jefferies, Defendant-Appellant.

(No. 13050;

Fourth District—January 14, 1976.

Richard J. Wilson and Richard J. Geddes, both of State Appellate Defender's Office, of Springfield, for appellant.

James R. Burgess, Jr., State's Attorney, of Urbana (G. Michael Prall and Stephen M. Deitsch, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

Defendant was charged with theft of property having a value less than $150 and convicted after a jury trial. She was sentenced to a term of pro-

bation of one year. She appeals, contending that the trial court erred in allowing the State to introduce testimony regarding the fruits of an illegal search of her residence.

The charges in this case stemmed from an incident in a university dormitory. Carol Clems, the complaining witness, testified that she was approached outside her dormitory room by a woman she later identified as defendant. This individual identified herself as Tanya Jefferies and persuaded Clems to lend her a calculator for the afternoon. The visitor was carrying a key similar to the keys used for the university dormitory areas. She gave an address in an adjoining dormitory, Busey Hall, which Clems later found to be false. When the information given by the visitor did not check out, Clems notified the campus police. Her calculator was not returned.

At trial, the State introduced evidence that defendant had used the name Tanya Jefferies on applications for utility services at an apartment in Champaign. Appearing as a witness in her own behalf, defendant testified that she had lived briefly in Evans Hall, the dormitory where the theft occurred, but that she had turned in her key to her room over a year before the incident in question. She testified that she had had no key to the doors in Evans Hall since that time. By way of rebuttal, the State introduced the testimony of a police officer who, accompanied by defendant's landlord, had searched her apartment in Champaign. He testified, over defense objections, that they found a key to defendant's former residence in Evans Hall. This key opened both the room door and the exterior door of the building.

The search of defendant's residence was without warrant and the State makes no attempt to contend that it was a legal search. Rather, the State defends use of the fruits of this illegal search as impeachment on the basis of *Walder v. United States*, 347 U.S. 62, 98 L.Ed. 503, 74 S.Ct. 354. In that case, heroin had been discovered in the defendant's possession subject to an illegal search. That evidence was successfully suppressed and the case dismissed. In a later trial for sale and possession of narcotics, defendant took the stand and testified on direct examination that he had never possessed any narcotics. By way of impeachment, the State introduced evidence of the prior illegal search and discovery of heroin in defendant's possession. In upholding defendant's conviction, the Supreme Court said:

> "It is one thing to say that the Government cannot make an affirmative use of evidence unlawfully obtained. It is quite another to say that the defendant can turn the illegal method by which evidence was obtained to his own advantage, and provide himself with a shield against contradiction of his untruth. Such an exten-

sion of the *Weeks* doctrine would be a perversion of the Fourth Amendment. * * * Of course, the Constitution guarantees a defendant the fullest opportunity to meet the accusation against him. He must be free to deny all the elements of the case against him without thereby giving leave to the Government to introduce by way of rebuttal evidence illegally secured by it, and therefore not available for its case in chief. Beyond that, however, there is hardly justification for letting the defendant affirmatively resort to perjurious testimony in reliance on the Government's disability to challenge his credibility." 347 U.S. 62, 65, 98 L.Ed. 503, 507, 74 S.Ct. 354.

The instant case has many significant aspects in common with *Walder.* Here, as there, possession of the key was not an element of the crime, and defendant need not have referred to it in order to deny commission of the crime. Here, as in *Walder,* the information was volunteered on direct examination, not elicited on cross. Here, as in *Walder,* to let defendant's remark go unrebutted would have allowed her affirmatively to resort to testimony which strengthened her defense in reliance on the government's disability to challenge her credibility. The only significant respect in which this case differs from *Walder* is that the questionable evidence was used in the initial prosecution of defendant, rather than in a subsequent proceeding. We see no reason to distinguish between the cases on that basis.

■■ This holding is in harmony with recent court decisions upholding the admission as impeachment of evidence secured in violation of the principle of *Miranda v. Arizona,* 384 U.S. 436, 16 L.Ed.2d 694, 86 S.Ct. 1602. (*Harris v. New York,* 401 U.S. 222, 28 L.Ed.2d 1, 91 S.Ct. 643; *People v. Doss,* 26 Ill.App.3d 1, 324 N.E.2d 210.) The Illinois Supreme Court has also held that evidence volunteered by a defendant in conjunction with a move to suppress evidence may be used against him in the same proceeding for impeachment. (*People v. Sturgis,* 58 Ill.2d 211, 317 N.E.2d 545.) Citing *Harris,* the court there noted the unfairness of allowing a defendant to perjure himself with impunity. 58 Ill.2d 211, 216, 317 N.E.2d 545, 548.

Finding no merit to defendant's contention that evidence of the illegal search of her apartment was improperly used, we affirm the conviction and sentence.

Conviction and sentence affirmed.

TRAPP, P. J., and SIMKINS, J., concur.